# CIVIL MINUTES – GENERAL

| Case No. | SACV 18-02427 AG (KKx) | Date | February 4, 2019 |
|---|---|---|---|
| Title | JOSEPH W. SULLIVAN V. COUNTY OF RIVERSIDE ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING MOTION TO REMAND**

Plaintiff Joseph W. Sullivan is a Type 1 diabetic. During a spring break trip to Palm Springs, Plaintiff was detained for having a fake driver's license. (First Amended Compl. ("FAC"), Dkt. Nos. 1-16, 1-17 at ¶¶ 18, 24, 29.) Plaintiff was first brought to a Palm Springs City jail and was later transferred to a Riverside County jail. (*Id.* at ¶¶ 43, 45.) During his detainment at both jails, Plaintiff alleges that he was wrongfully denied insulin and further denied the ability to test his blood-glucose levels. (*Id.* at ¶¶ 47, 53, 60.) As a result, Plaintiff claims he became "violently ill from severe hyperglycemia" and was diagnosed with diabetic ketoacidosis after being released from jail. (*Id.* at ¶¶ 85, 86.)

Plaintiff then brought the present case in Riverside County Superior Court, originally asserting claims for negligence, intentional infliction of emotional distress, and violations of the Americans With Disabilities Act (also known as the "ADA"). (Compl., Dkt. No. 1-1.) Plaintiff filed an amended complaint several months later, adding claims for "failure to provide urgently needed medical care", "abuse of a dependent adult", and violations of the California Unruh Civil Rights Act. (*See generally* FAC, Dkt. Nos. 1-16, 1-17.) Defendant County of Riverside ("Riverside") then removed to this Court. (Notice of Removal, Dkt. No. 1.) Now Plaintiff moves to remand this case back to Riverside County Superior Court, claiming that removal was improper. (Mot., Dkt. No. 7, at 2.) Plaintiff further asks the Court to award "attorney's fees and costs reasonably spent" in bringing this motion. (*Id.* at 3.)

The Court GRANTS Plaintiffs' motion to remand. The Court AWARDS Plaintiff's counsel $3,000 in fees. All other pending matters are VACATED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-02427 AG (KKx) | Date | February 4, 2019 |
|---|---|---|---|
| Title | JOSEPH W. SULLIVAN V. COUNTY OF RIVERSIDE ET AL. | | |

## 1. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Consequently, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (citation omitted). "It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. Thus, principles of federalism, due respect for the state courts, comity, and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Put differently, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas*, 313 U.S. at 108–09). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation omitted).

## 2. ANALYSIS

The Court first addresses Plaintiff's arguments for remand, and then separately considers Plaintiff's request for attorney's fees and other costs.

### 2.1 Whether Removal Was Improper

Plaintiff first argues removal was improper because it was untimely.

The Court agrees. Since Plaintiff's original complaint asserted claims under the ADA, this case was removable under 28 U.S.C. Sections 1441(a) and 1441(c) from its inception. Accordingly, Riverside had 30 days from the date it was served with the initial complaint to file their notice of removal. *See* 28 U.S.C. § 1446(b)(1). Yet Riverside didn't file its notice of removal until nearly *five months* after it was served with the original complaint. (Mot. at 14.) By failing to timely file its notice of removal, Riverside waived its right to remove this case. *See Cantrell v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-02427 AG (KKx) | Date | February 4, 2019 |
|---|---|---|---|
| Title | JOSEPH W. SULLIVAN V. COUNTY OF RIVERSIDE ET AL. | | |

*Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989) ("appellees lost their opportunity to remove the case when they failed to file . . . for removal within 30 days . . . .").

Despite this glaring deficiency, Riverside argues Plaintiff is equitably estopped from claiming removal was improper. (Opp'n, Dkt. No. 23 at 2.) Riverside bases this argument on the following facts, which don't seem to be in dispute.

After Plaintiff initially filed this case, the parties conferred about potential problems with Plaintiff's complaint. (*Id.* at 2.) During this conversation, Riverside informed Plaintiff that it believed Plaintiff's claims were covered by a pending class action lawsuit where Plaintiff was a class member. (*Id.*) Plaintiff then said he would file an amended complaint, and the parties stipulated that Riverside could wait until an amended complaint was filed and served before responding. (*Id.*; Mot. at 11.) So Riverside argues that Plaintiff is equitably estopped from now saying Riverside should have removed this case before the amended complaint was filed. (Opp'n at 3.)

"The doctrine of equitable estoppel, often referred to as fraudulent concealment, is based on the principle that a party 'should not be allowed to benefit from its own wrongdoing.'" *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011) (quoting *Collins v. Gee West Seattle LLC*, 631 F.3d 1001, 1004 (9th Cir. 2011). The elements of equitable estoppel are: "(1) knowledge of the true facts by the party to be estopped, (2) intent to induce reliance or actions giving rise to a belief in that intent, (3) ignorance of the true facts by the relying party, and (4) detrimental reliance." *Id.* (quoting *Bolt v. United States*, 944 F.3d 603, 609 (9th Cir. 1991).

The doctrine of equitable estoppel doesn't apply here. To start, Riverside doesn't provide any authority for the notion that equitable estoppel can be used to confer removal jurisdiction where such jurisdiction would otherwise be improper. Without such authority, the Court isn't convinced Riverside's use of the doctrine here is appropriate, especially considering this Court's duty to "jealously guard" its limited jurisdiction. *See Ceja-Prado*, 333 F.3d at 1051.

Nor is the Court convinced that the elements for equitable estoppel are met. It can't be said that Plaintiff knew the "true facts" or that Riverside was ignorant of the "true facts" because the parties had different truths. Indeed, when the parties stipulated that no responsive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-02427 AG (KKx) | Date | February 4, 2019 |
|---|---|---|---|
| Title | JOSEPH W. SULLIVAN V. COUNTY OF RIVERSIDE ET AL. | | |

pleading was necessary, Plaintiff didn't think that "responsive pleading" included removal. But Riverside did. This mutual misunderstanding isn't the kind of fraudulent concealment the doctrine of equitable estoppel was meant to rectify. *See Estate of Amaro*, 653 F.3d at 813. And, in any event, Riverside shouldn't have sat idly while the time for removal passed based on a relatively ambiguous representation by Plaintiff.

The Court therefore GRANTS Plaintiff's motion to remand.

### 2.2 Plaintiff's Request for Fees

Having determined this case should be remanded, the Court next considers Plaintiff's request for attorney's fees.

This issue was thoroughly and extensively discussed at the hearing. Plaintiff's counsel's arguments on this matter were largely unimpressive. The Court takes a global, holistic approach to determining whether fees are appropriate and reasonable. Indeed, former Supreme Court Justice Sandra Day O'Connor has noted that requiring examination of every line of every attorney invoice means that "district courts must engage in an equitable inquiry of varying methodology while making a pretense of a mathematical precision." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. Of Albany*, 522 F.3d 182, 189 (2d Cir. 2007). Justice Elena Kagan echoed these sentiments when she wrote the following.

> [T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal . . . is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time. And appellate courts must give substantial deference to these determinations, in light of the district court's superior understanding of the litigation.

*Fox. v. Vice*, 563 U.S. 826, 838 (2011) (quotation marks omitted) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

With these principles in mind, the Court awards $3,000 in fees. The Court comes to this conclusion based on, among other things, the parties' thorough oral arguments at the hearing,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-02427 AG (KKx) | Date | February 4, 2019 |
|---|---|---|---|
| Title | JOSEPH W. SULLIVAN V. COUNTY OF RIVERSIDE ET AL. | | |

the Court's own knowledge of the facts of this case and motions to remand generally, and Plaintiff's counsel's efforts on the motion. (*See generally* Notice of Errata, Dkt. No. 17.)

The Court therefore AWARDS Plaintiff's counsel $3,000 in fees.

## 3. DISPOSITION

The Court GRANTS Plaintiffs' motion to remand. The Court AWARDS Plaintiff's counsel $3,000 in fees. All other pending matters are VACATED.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |